GREMILLION, Judge,
concurring in the result.
| TThis is a very difficult and troubling case. In my view, the school board does bear some liability here. However, I am also forced to admit that there are, indeed, *626 certain facts and jurisprudence that mitigate against that conclusion.
First and foremost, the rape took place more than an hour after school and more than a mile from school. If a bright line rule existed in terms of how far the school board’s duty extends temporally and spatially, an “hour/mile rule” would probably be it. Furthermore, it is clear that C.C. deviated on her walk home in order to go to Popeye’s restaurant.
In addition to these facts regarding time and space, I also agree with the trial court’s conclusion that this twelve-year-old girl certainly had access to at least one telephone before she left the school grounds. There is no one to blame but her for her failure to call someone.
I also take issue with the scope of the school board’s duty that has been suggested by the majority opinion, and as well as Judge Saunders’ concurring opinion. Specifically, framing the school board’s duty using La.R.S. 17:158(A)(1) is incorrect and greatly expands the duty beyond what is reasonable. The suggestion is that because the school board is obligated to provide “free transportation to any student,” the school board would be responsible for any injury sustained by “any student” when those injuries would not have been sustained if the injured student had|2taken a school bus home. This is not the law. The school board is not the “insurer of the safety of the children,” and “constant supervision of all students is not possible nor required.” Wallmuth v. Rapides Parish School Board, 01-1779, 01-1780, p. 8 (La.4/2/02), 813 So.2d 341, 346. More specifically, the school board’s duty does not, for example, extend to preventing a student who is supposed to ride the bus from walking home if he or she chooses to do so. Domingue v. Lafayette Parish School Board, 03-895 (La.App. 3 Cir.2004), 879 So.2d 288, writ denied, 04-1803 (La.10/29/04), 885 So.2d 588. Rather, the school board’s duty is simply to provide adequate or reasonable supervision. Wall-muth, Id. and Domingue, Id.
Ultimately, I concur with the majority’s result because I believe the school did not provide reasonable supervision. This is not, as in Domingue, a case where this young lady simply chose to walk home instead of riding the school bus. The facts clearly establish that she was told she could not take the bus. Furthermore, it is clear to me that the school’s policy was to intentionally withhold a safe and convenient ride home as a means of punishing bad behavior. If C.C. had been held after school for some sort of tutoring, practice or other extra curricular activity, she would have been permitted to take the bus home. However, according to the “facilitator” of the behavior discipline center, because this child was after school for “behavior clinic” to provide her with a “free ride home,” and consequently keep her safe from grievous bodily harm was a “luxury” to which she was not entitled.
The school board does not have a duty to provide all students with a safe and convenient ride home. However, when such a ride is otherwise available, and the school actively takes steps to prevent a child from taking this safe and convenient ride |3home, it has clearly breached its duty to appropriately supervise the children within its care.
Our opinion in D.C. v. St. Landry Parish School Board, 00-1304 (La.App. 3 Cir. 3/7/01), 802 So.2d 19, writ denied, 01-981 (La.5/25/01), 793 So.2d 169, is instructive. Therein, the child involved had violated the dress code. She was told she had to go home and change her clothes. Thus, when she was unable to secure a ride home, she was placed in the position of having to walk home through a dangerous neighborhood. This court found the school board *627 at fault, saying that “the school’s duty to reasonably supervise children ‘certainly included’ the duty to make the appropriate supervisory decisions concerning a student’s departure from campus.... ”[1] Id. at 23.
In summary, the school board does not have a duty to prevent harm to students by requiring all of them to take the bus home. Rather, the school board has a general duty to reasonably supervise the children in its care. Within that general duty is a more specific duty to make appropriate departure decisions. Here, the school board decided to punish this little girl by denying her the “luxury” of a safe and convenient ride home. In my view, that was an exceedingly bad “departure decision.” As in the D.C. case, it put C.C. in the position of having to walk home through a dangerous neighborhood wherein she was attacked. Therefore, I concur in the result. The Lafayette Parish School Board is 20% at fault in causing the injuries to this minor child. I also concur in the damages awarded.

. It should be noted that this opinion limited the school's duty to make appropriate departure decisions to “regular school hours.” However, it is also true that the school board’s general supervision duty is owed when a child is participating in after school activities sanctioned by the board. Jackson v. Colvin, 98-182 (La.App. 3 Cir. 12/23/98), 732 So.2d 530, writ denied, 99-228 (La.3/19/99), 740 So.2d 117. If this duty is owed when the child is participating in an after school activity that is merely "sanctioned” by the board, then, for a greater reason, the duty is owed when the child is at school after hours in an activity that is mandated by the board.